United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2005

Charles R. Fulbruge III
Clerk

**REVISED JANUARY 19, 2005**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————————

No. 04-60581
Summary Calendar

———————————————

WARREN C. CLINGENPEEL,

Petitioner - Appellant,

versus

UNITED STATES RAILROAD RETIREMENT BOARD,

Defendant - Appellee.

———————————————————————————

Appeal from the Railroad Retirement Board
(No. A-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)

———————————————————————————

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant challenges the railroad retirement board's decision to recover overpaid funds for appellant's federally-provided disability benefits. Appellant argues that the recoupment should be waived because he was not at fault for the overpayment. Because appellant's argument does not meet the statutory prerequisites, we reject his appeal and affirm the decision of the retirement board.

I.

———————————————

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Appellant Warren Clingenpeel was employed by the Federal Railroad Administration as a safety inspector for just over 6 years. Towards the end of his tenure with that agency, Clingenpeel had both knee replacement surgery and a pacemaker installed. As a result of problems that were connected to these ailments, Clingenpeel applied for, and received, workers compensation under the Federal Employee's Compensation Act. *See* 5 U.S.C. §§ 8101 *et seq.* Clingenpeel applied for those funds in 1988. In 1993, Clingenpeel requested a disability annuity under the Railroad Retirement Act ("RRA" or "the Act"); those benefits were also approved.

In order to prevent duplication of benefits, the RRA provides that the amount of disability benefits paid under the Act shall be reduced for, among other things, any amount provided as workers compensation. *See* 42 U.S.C. § 424a(a). At the initiation of Clingenpeel's disability annuity, he notified the Railroad Retirement Board ("the Board") that he was receiving workers compensation. The Board accordingly deducted from his disability annuity an amount to offset this extra benefit. On March 9, 1994, Clingenpeel sent a letter to the Board indicating that his status had been changed—although not discontinued—with respect to his workers compensation. Due to a clerical error, the Board mistakenly concluded that Clingenpeel was no longer receiving those benefits, and increased Clingenpeel's monthly payments accordingly. As a result of the error, Clingenpeel was paid both the full amount of his disability annuity and workers compensation from April 1994 through May 1996.

Ultimately, the Board caught the error, and determined that Clingenpeel was paid $37,158.06 in excess of what he was due. After numerous requests for reconsideration by Clingenpeel, and two withholdings by the Board totaling $6755.00, a hearings officer determined that the net overpayment was $30,408.06. The hearings officer separated that total into two amounts, one for $12,610.00

("Amount 1"), and another for $17,798.06 ("Amount 2"). Clingenpeel conceded the extent of the overpayment, but argued that it should be subject to waiver, under which he would not have to repay the money if he was without fault in causing the overpayment and the waiver would not be contrary to the purposes of the Act. *See* 45 U.S.C. 231i(c). The hearings officer found that Clingenpeel was not without fault as to Amount 1, and therefore no waiver could be granted. As to Amount 2, Clingenpeel was determined to be without fault. However, waiver was nevertheless denied because, after analysis of Clingenpeel's finances and everyday expenses —including his recent purchase of two new trucks—the hearings officer determined that the recoupment would not be an economic hardship and thus is not against the purposes of the Act. Clingenpeel appealed the hearings officer's decision to the Board, which affirmed the ruling. Clingenpeel timely appeals to this Court.

II.

This Court will affirm the decision of the Board if its findings of fact are supported by substantial evidence and its legal conclusions are not based on an error of law. *See Kurka v. U.S. R.R. Ret. Bd.*, 615 F.2d 246, 249–50 (5th Cir. 1980).

III.

Clingenpeel's sole substantive argument on appeal is that he was without fault with respect to Amount 1. Section 10(c) of the RRA states that: "There shall be no recovery . . . [from someone] who, in the judgment of the Board, is without fault when . . . recovery would be against equity or good conscience." 45 U.S.C. § 231i(c). The requirements are conjunctive; in order for recovery to be waived, (1) one must be without fault in causing the overpayment, and (2) recovery must be against equity or good conscience. Thus, even accepting, *arguendo*, Clingenpeel's argument that he was without fault, waiver may still not be required if the recoupment is not contrary to the purpose

3

of the Act—*i.e.*, "against equity or good conscience." *Id.*

The RRA has promulgated regulations that give content to that phrase. "It is contrary to the purpose of the Act for an overpayment to be recovered from income and resources which the individual requires to meet ordinary and necessary living expenses." 20 C.F.R. § 255.12(a). After reviewing Clingenpeel's financial records, the hearings officer determined that his combined income exceeded expenses by more than $2,000. Given Clingenpeel's recent purchase of two new trucks, totaling over $37,000, the officer concluded that repayment would still leave Clingenpeel able to meet his "ordinary and necessary living expenses." Clingenpeel offers no arguments to the contrary. Because we find that this determination is supported by substantial evidence in the record, the decision of the Board is

AFFIRMED.